**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Keith Balzarini,

Plaintiff,

v.

Keolis Transit Services, LLC,

Defendant.

Case No. 2:24-cv-02054-RFB-DJA

**Order**

Before the Court is Plaintiff's motion to extend the February 11, 2026, discovery cutoff by sixty days. (ECF No. 32). Plaintiff's counsel explains that the extension is justified by his workload and the fact that he was holding off on taking depositions while the parties were exploring settlement. Plaintiff asserts that he wishes to notice depositions of six of Defendant's former employees and may need to propound additional discovery requests.

Defendant opposes, arguing that Plaintiff has not shown good cause for the extension because there was no pause in discovery while the parties were undergoing settlement negotiations. (ECF No. 33). Defendant adds that, in their prior stipulation to extend discovery, Plaintiff stated that he was awaiting Defendant's discovery responses to take the depositions of at least three of Defendant's employees. But although Defendant provided its discovery responses on October 10, 2025, Plaintiff did not inform Defendant of his intent to take additional depositions and to extend the deadline to do so until January 15, 2026. In reply, Plaintiff indicates that he was able to take two of the depositions he required, but still requires three more and so reiterates his request for an extension. (ECF No. 34).

A party seeking a stay of discovery must move the Court for that relief. *See Schrader v. Wynn Las Vegas, LLC*, No. 2:19-cv-02159-JCM-BNW, 2021 WL 4810324 at *2 (D. Nev. Oct. 14, 2021) (explaining that the standard for staying discovery is good cause). So Plaintiff's unilateral decision to pause his deposition discovery is not good cause for extending it.

Defendant's arguments regarding the timing of Plaintiff's motion given Defendant's disclosure of its discovery responses in October of 2025 also weigh against a finding that Plaintiff was diligent. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (explaining that Rule 16(b)'s good cause standard primarily considers the diligence of the party seeking the amendment). So, while Plaintiff moved for his requested extension before the deadline passed and while the Court is cognizant of the realities and demands of litigation, it does not find that Plaintiff was diligent. On the other hand, the Court also acknowledges that this is a closer question and that the extended deadlines that Plaintiff requested have now passed through no fault of the parties. So, the Court denies the motion to extend, but does so without prejudice.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to extend time (ECF No. 32) is **denied without prejudice.**

DATED: July 16, 2026,

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE